IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**

DEC 2 0 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

CYNTHIA VARGAS PUGH,       )
       )
     Plaintiff,       )
       )
vs.       )    CIVIL ACTION NUMBER
       )
LIFE INSURANCE COMPANY OF    )    97-C-1330-NE
NORTH AMERICA, et al.,       )
       )
     Defendants.       )

**ENTERED**

DEC 2 1 1999

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

This action was initially filed on April 23, 1997, in the Circuit court of Cullman

County, Alabama. Defendants include Life Insurance Company of North America

("LINA"), Connecticut General Life Insurance Company ("CIGNA"), Wal-Mart Stores,

Inc.,[1] and Juanita Pugh, as administrator of the estate of Anthony J. Pugh. Plaintiff sought

to recover benefits under two insurance policies covering the life of Anthony Pugh, said

policies having been issued by the defendant insurance companies as part of the group

coverage made available to employees of Wal-Mart Stores. Because the policies are viewed

as "employee benefit plans" under the Employee Retirement Income Security Act, 19 U.S.C.

---

[1] Wal-Mart Stores, Inc., Associates Health and Welfare Plan ("the Plan") has been
substituted for the corporate defendants. Wal-Mart is the Plan Administrator.

52

§§1001, et seq. ("ERISA"), the defendants removed the case to this Court on the basis of federal question jurisdiction.

The Court has previously granted summary judgment against the plaintiff and in favor of defendant Juanita Pugh in her representative capacity.

Unresolved are the cross summary judgment motions of Juanita Pugh and Wal-Mart, as well as similar motions of the plaintiff and Wal-Mart. For the reasons outlined in this opinion, the Court concludes as a matter of law that Defendant Juanita Pugh is entitled to summary judgment on her cross-claim against Wal-Mart, and Defendant Wal-Mart is entitled to summary judgment against the Plaintiff.

I. Factual and Procedural Background

Most of the relevant undisputed background facts are recited in the September 27, 1997, Memorandum Opinion Granting Defendant [Juanita Pugh]'s Motion For Summary Judgment. They are incorporated herein by reference.

On November 27, 1996, Juanita Pugh sent a letter to Wal-Mart Stores enclosing a copy of the Probate Court Order and requesting "payment of any and all life insurance proceeds or other benefits due and owing as a result of the death of Anthony Pugh." Ermert Affidavit, Ex. 1.

Plaintiff was undaunted by the judicial declaration that she was not Anthony Pugh's wife. She proceeded to submit to Wal-Mart a "Preference Beneficiary Affidavit," in

2

which she swore that she was the surviving spouse of Anthony Pugh.  The Preference Beneficiary Affidavit provides for release and indemnification by Plaintiff for all claims, costs, expenses, and damages that may result from reliance upon the representations made therein.  Morgan Affidavit ¶¶ 12-14, Ex. C.

In addition to the signed Affidavit, Plaintiff also submitted a Certificate of Death for Anthony Pugh and a completed Death Scene Investigation from the Cullman County Sheriff's Department.  The Certificate of Death lists Anthony Pugh as "divorced" and the Death Scene Investigation indicated "N/A" for marital status and J.B. Pugh, decedent's father, as next of kin.  Morgan Affidavit ¶ 15, Ex. D-E.

Based upon Plaintiff's sworn affidavit, the Death Certificate, the Death Scene Investigation, and the Profit Sharing Beneficiary Designation listing Cynthia Vargas as "fiancé," the Plan paid plaintiff the COLI benefits for Anthony Pugh in the amount of $10,000, by a check dated March 4, 1997.  Morgan Affidavit ¶ 16, Ex. G.

After learning of Wal-Mart's $10,000 payment to Cynthia Pugh, Juanita Pugh sent a letter on April 10, 1997, to the Legal Department of Wal-Mart requesting payment of the COLI benefits.  See Morgan Affidavit ¶ 19, Ex. I.

Although the Plan alleges that it never received notice of Juanita Pugh's claim prior to payment of the benefits, a senior benefit analyst for CIGNA acknowledged as of January 14, 1997, it had received a copy of the letter Juanita Pugh sent to Wal-Mart.  See Ermert Affidavit, Ex. 2.  Moreover, on January 27, 1997, CIGNA denied the Plaintiff's

3

claim, based on the Order of the Probate Court and other information.  See Ermert Affidavit, Ex. 3.

Juanita Pugh now seeks a judgment based on Wal-Mart's  payment to the Plaintiff.  Wal-Mart seeks a judgment against the Plaintiff based on her guaranty and unjust enrichment.

## II.  Summary Judgment Standard

The law governing summary judgment is well settled.  Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law.  See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Once the movant has met its burden of establishing the lack of a genuine issue as to any material facts, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of material fact.  See Chanel, Inc. v. Italian Activewear, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991). The Court must view the facts in a light favorable to the non-moving party.

## III.  Discussion

A.  Standard of Review

In Firestone Tire & Rubber Co. v. Bruch, 480 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court established the standard for reviewing a plan administrator's decision.  489 U.S. at 115, 109 S.Ct. 948.  The Court held that a plan

4

administrator's decisions are not reviewed de novo if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Id. at 115, 109 S.Ct. 948. If the plan gives the administrator or fiduciary that type of authority, the court is limited to determining whether the decision was arbitrary and capricious. Cagle v. Bruner, 112 F.3d 1510 (11th Cir. 1997).

In reviewing a decision under the arbitrary and capricious standard, the function of a reviewing court is to discern whether there was a reasonable basis for the decision, relying on the facts known to the administrator at the time the decision was made. See Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1139 (11th Cir. 1989).

In this case, the Plan provided the administrator with discretion in making benefits determinations, and thus, the arbitrary and capricious standard of review applies.[2]

B. Benefits Determination

When the Plan Administrator made its determination to pay Plaintiff the COLI benefits, it had the following information in its possession: (1) the 1996 Summary Plan Description; (2) the Preference Beneficiary Affidavit; (3) a death certificate of Anthony Pugh; (4) the completed Death Scene Investigation; (5) information regarding Anthony

---

[2] The heightened arbitrary and capricious standard of review does not apply because there is no conflict of interest. A conflict of interest is created only when a Plan pays beneficiaries from its own assets. Here, the benefits are paid from a trust. See Miller Affidavit and Third Morgan Affidavit.

Pugh's eligibility and coverage; and (6) the Profit Sharing Beneficiary Designation.

Armed with this information, it was objectively unreasonable to conclude that Plaintiff was entitled to the COLI benefits. The death certificate and the death scene investigation reflect that Anthony Pugh was "divorced," rather than married. The Plan's own records establish that Plaintiff was Anthony Pugh's fiance`, rather than his wife. A reasonable plan administrator would not have given the Plaintiff's self-serving affidavit controlling weight in the face of such evidence. At the very least, he/she would have sought clarification of Plaintiff's status. Had she done so, she would have surely learned of the Probate Court's decision.

The Court concludes that the Plan's decision to pay benefits to Plaintiff was arbitrary and capricious.

C. Exhaustion of Administrative Remedies

It is well-established law in this Circuit that Plaintiffs in ERISA cases must normally exhaust available administrative remedies under their ERISA-governed plans before they may bring suit. Mason v. Continental Group, Inc., 763 F.2d 1219, 1227 (11th Cir. 1985). Exceptions to the exhaustion requirement do exist, however, most notably "when resort to the administrative route is futile or the remedy inadequate." Curry v. Contact Fabricators Inc. Profit Sharing Plan, 891 F.2d 842, 846 (11th Cir. 1990). In light of such exceptions, "the decision whether to apply the exhaustion requirement is committed to the district court's sound discretion and can be overturned on appeal only if the district court has

clearly abused its discretion." Curry, 891 F.2d at 846.

Exhaustion of the Plan's administrative remedies would have been futile. At the time Juanita Pugh learned of the $10,000 COLI benefits, they had already been paid to Plaintiff. There is no evidence that the Plan would have made a second payment if Juanita Pugh had simply exhausted her administrative remedies.

D.  Capacity

Wal-Mart asserts that Juanita Pugh lacks capacity to assert a claim for COLI benefits on behalf of Jessica Pugh as she is a party to this action only as administrator of decedent's estate. Capacity is an affirmative defense. Wal-Mart failed to assert this defense in its answer to Juanita Pugh's cross-claim. Consequently, the defense is waived.

E.  State Law Claims

When Juanita Pugh amended her cross-claim, she substituted Wal-Mart Stores, Inc. Associates Health and Welfare Plan as the defendant. Therefore, she may not assert state law breach of contract, misrepresentation, and negligence claims against Wal-Mart. Although Juanita Pugh is entitled to recover under ERISA, her state law claims against the Plan are preempted both under the doctrines of complete and conflict preemption.

F.  Wal-Mart's Counterclaim

The court has previously held that Plaintiff is not the common law wife of Anthony Pugh and that she is not entitled to his ERISA benefits. Summary Judgment Order Dated September 26, 1997.

On Wal-Mart's counterclaim, the material facts are undisputed and Wal-Mart is entitled to judgment as a matter of law. Plaintiff is not Anthony Pugh's widow. She has been unjustly enriched by the $10,000 COLI benefits, based upon her knowingly false representation that she was Anthony Pugh's wife. Furthermore, when Plaintiff signed the Preference Beneficiary Affidavit, she agreed to release and indemnify Wal-Mart for all claims and damages that Wal-Mart may suffer as a result of her representation. Wal-Mart has been damaged by the $10,000 it paid to Plaintiff based on her misrepresentation. It is entitled to indemnification by Plaintiff in that amount.

Accordingly, Wal-Mart's motion for summary judgment on Plaintiff's Complaint and its counterclaim is due to be granted.

IV.  Conclusion

Based on the foregoing discussion, summary judgment shall be granted in favor of Juanita Pugh on her cross-claim against Wal-Mart. Summary judgment also shall be granted in favor of Wal-Mart against Plaintiff on her Complaint and its counterclaim.

DONE this _____ day of December, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON

8